EJECTMENT.                    **Bruce** *vs* **Morgan.**

*Case 8.*            APPEAL FROM THE LEWIS CIRCUIT.

                *Boundary.   Survey.   Courses and Distances.*

*October* 17.      CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

Natural objects called for as the boundary of a survey, being more certain and permanent, control the calls for courses and distances in the absence of marked boundary.

THE fact assumed by the plaintiff in error, that is, that the line on or next to the river Ohio was never marked or even actually run, does not, *in this case*, authorize the deduction urged by him as sufficient to show that the Circuit Judge erred in refusing to instruct the jury on the trial of this ejectment, that if they believed that the line next to the river had never been run or marked, they were bound to regard the courses described in the patent as designating the true and only legal boundary. For the fact that this line alone, was neither actually run nor marked, only fortifies the deduction otherwise sufficiently manifest, (as decided on the same patent, in *Bruce* vs *Taylor*, 2 *J. J. Marshall*, 160,) that the Ohio with its sinuosities, was intended to be a boundary of the survey, and therefore, as such, a natural land mark, is more certain and permanent than any artificial demarcation, there is much more reason for making it control the erratic and repugnant calls for courses, in Marshall's patent for 8200 acres, under which Morgan claims.

A call to bind on the Ohio river, although courses and distances be called for and proof that the lines on the river were not marked only, shows more conclusively that the Ohio with its sinuosities was the line adopted by the surveyor, and governs.

The general rule, that the actual boundary made by the surveyor, when ascertainable with satisfactory certainty, shall control references to course, applies emphatically and peculiarly to the Ohio as a line of the survey in this case, and the rule recognized in *Demmit* vs *Lashbrook*, establishing a line according to course and distance as designated in the patent when there is no actual boundary variant therefrom, is altogether inapplicable to such a case as this.

Wherefore the judgment of the Circuit Court is affirmed.

*Hord* for appellant: *Payne and Waller* for appellee.